IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,461-01






EX PARTE JUAN JOSE DELEON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 28518-361 IN THE 361ST DISTRICT COURT


FROM BRAZOS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
with a deadly weapon and sentenced to forty years' imprisonment. The First Court of Appeals
affirmed his conviction. Deleon v. State, No. 01-01-01237-CR (Tex. App.-Houston [1st Dist.],
delivered Sept. 25, 2003, pet. dism'd). 

 Applicant contends that counsel rendered ineffective assistance because he failed to timely
file a petition for discretionary review. The trial court recommended that we grant Applicant an out-of-time petition for discretionary review. We believe, however, that counsel should have an
opportunity to respond to Applicant's claim. Accordingly, the trial court shall provide counsel with
the opportunity to respond. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall then make further findings of fact as to whether Applicant's counsel
rendered ineffective assistance. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 19, 2008

Do not publish